# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JORGE WASHINGTON ACOSTA ORELLANA, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **- against -** | ) | Case No. 1:08-CV-01790/RBW |
| | ) | |
| **CROPLIFE INTERNATIONAL, et al.** | ) | |
| | ) | **[ORAL HEARING REQUESTED**] |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## MOTION OF DOLE FOOD COMPANY, INC. AND DOLE FRESH FRUIT COMPANY TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(5)

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), Dole Food Company, Inc. ("DFC") and Dole Fresh Fruit Company ("DFFC") (collectively, the "Dole Defendants"), by counsel and appearing specially, move this Court to dismiss all claims against them due to lack of personal jurisdiction and insufficient service of process. The grounds for this Motion are set forth below and further elaborated upon in the Dole Defendants' contemporaneously filed Memorandum of Points and Authorities in Support of their Motion to Dismiss.

1. Neither of the Dole Defendants is amenable to personal jurisdiction in the courts of the District of Columbia.

2. First, specific jurisdiction may not be exercised over the Dole Defendants by this Court because the alleged acts giving rise to the claims against them did not occur in the District of Columbia.

3.   Second, general jurisdiction may not be exercised over the Dole Defendants by this Court because neither has engaged in continuous and systematic contacts with the District of Columbia.

4.   Finally, Plaintiffs' claims should be dismissed for the further reason that Plaintiffs improperly served the Dole Defendants outside the District of Columbia in contravention of D.C. Code § 13-334(a).

WHEREFORE, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), the Dole Defendants respectfully request this Court to enter an Order granting dismissal of Plaintiffs' claims against the Dole Defendants.  The Dole Defendants respectfully request an oral hearing on this Motion.

Dated: November 21, 2008

Respectfully submitted,

By: /s/ Sergio F. Oehninger

Sergio F. Oehninger (D.C. Bar No.  486369)
**HUNTON & WILLIAMS LLP**
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Phone:  (703) 714-7552
Fax: (703) 714-7410
Email:  soehninger@hunton.com
*Counsel for Dole Food Company, Inc. and*
*Dole Fresh Fruit Company*

Of Counsel

/s/ D. Alan Rudlin
D. Alan Rudlin (Va. Bar No. 17010)
George P. Sibley, III (Va. Bar No. 48773)
Admitted *pro hac vice*
**Hunton & William LLP**
Riverfront Plaza, East Tower
951 E. Bryd Street
Richmond, Virginia 23219

Phone: (804) 788-8200
Fax:     (804) 788-8218
Email : arudlin@hunton.com
           gsibley@hunton.com

*Counsel for Dole Food Company, Inc. and*
*Dole Fresh Fruit Company*

56616.000009 EMF_US 26499385v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JORGE WASHINGTON ACOSTA** | ) | |
| **ORELLANA, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **- against -** | ) | Case No. 1:08-CV-01790/RBW |
| | ) | |
| **CROPLIFE INTERNATIONAL, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**DOLE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS**

## TABLE OF CONTENTS

Preliminary Statement....................................................................................................................1

Factual Background .......................................................................................................................2

I.      The Dole Defendants' Insignificant Contacts with The District of Columbia ...................2

        A.      Dole Food Company, Inc., Is a Holding Company That Does Not Conduct
                Business Anywhere, Let Alone in The District of Columbia. ................................2

        B.      Dole Fresh Fruit Company Does Not Transact Business Within The District of
                Columbia...............................................................................................................3

II.     Procedural History .........................................................................................................4

Argument .....................................................................................................................................4

I.      Plaintiffs Bear the Burden of Proof of Establishing Jurisdiction Over The Dole
        Defendants. .....................................................................................................................4

II.     This Court Lacks Personal Jurisdiction Over The Dole Defendants .................................5

        A.      Because the Acts Giving Rise to This Lawsuit Occurred in Ecuador, This
                Court Cannot Exercise Specific Jurisdiction Over The Dole Defendants. ..............6

        B.      The Dole Defendants Do Not Engage in Continuous and Systematic Contacts
                with the District of Columbia. ...............................................................................8

                1.      Dole Food Company, Inc. ...........................................................................9

                2.      Dole Fresh Fruit Company.........................................................................11

III.    Plaintiffs Did Not Properly Serve Dole Defendants With Process....................................13

Conclusion ...................................................................................................................................14

## TABLE OF AUTHORITIES

### FEDERAL CASES

*AGS International Services S. A. v. Newmont USA Ltd., 346 F. Supp. 2d 64 (D.D.C. 2004) ................................................................................................................4, 5, 9, 14

Allen v. Russian Federation, 522 F. Supp. 2d 167 (D.D.C. 2007) ...................................................8

Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208 (5th Cir. 2000) .....................................12

Asahi Metal Industrial Co. v. Superior Court of Cal., 480 U.S. 102, 107 S. Ct. 1026 (1987).........................................................................................................................12

Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34 (D.D.C. 2003) ........................................10

Bayles v. K-Mart Corp., 636 F. Supp. 852 (D.D.C. 1986) ...............................................................9

COMSAT Corp. v. Finshipyards S.A.M., 900 F. Supp. 515 (D.D.C. 1995) .................................14

Campbell Pet Co. v. Miale, 542 F.3d 879 (Fed. Cir. 2008)............................................................11

Capital Bank International, Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72 (D.D.C. 2003).................4

Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344 (5th Cir. 1992) .............................13

*D'Onofrio v. SFX Sports Group, Inc., 534 F. Supp. 2d 86 (D.D.C. 2008) .............................4, 5

*DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14 (D.D.C. 2002) ...............................................7

FC Investment Group LC v. IFX Markets, Ltd., 529 F.3d 1087 (D.C. Cir. 2008).......................10

*First Chicago International v. United Exchange Co., Ltd., 836 F.2d 1375 (D.C. Cir. 1988) ...........................................................................................................................7

Fisher v. Prof'l Compounding Ctrs. of America, Inc., 318 F. Supp. 2d 1046 (D. Nev. 2004) .........................................................................................................................12

*Gorman v. Ameritrade Holding Corp., 293 F.3d 506 (D.C. Cir. 2002)..........................5, 8, 9, 13

Gowens v. DynCorp, 132 F. Supp. 2d 38 (D.D.C. 2001) ...............................................................14

Hasenfus v. Corporate Air Services, 700 F. Supp. 58 (D.D.C. 1988) .............................................7

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S. Ct. 1868 (1984)........................................................................................................................6

Hockerson-Halberstadt, Inc. v. Propet USA, Inc., Case No. 02-1259, 02-1304, 02-1341, 62 Fed. App'x. 322, 337 (Fed. Cir. April 1, 2003) ........................................11

Insurance Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S. Ct. 2099 (1982)................................................................................................................5

Johnson v. Long Beach Mortg. Loan Trust 2001-4, 451 F. Supp. 2d 16 (D.D.C. 2006) ...............5

Leonard v. USA Petroleum Corp., 829 F. Supp. 882 (S.D.Tex. 1993) ..........................................9

Matthews v. Bookstone Stores, 469 F. Supp. 2d 1056 (S.D. Ala. 2007).......................................12

Modern Mailers v. Johnson & Quin, Inc., 844  F. Supp. 10448 (E.D. Pa. 1994).........................10

Nichols v. G. D. Searle & Co., 991 F.2d 1195 (4th Cir. 1993) .....................................................10

Novak-Canzeri v. Al Saud, 864 F. Supp. 203 (D.D.C. 1994).........................................................5

Omni Capital International, Ltd. v. Rudolph Wolff Co., 484 U.S. 97, 108 S. Ct. 404 (1987)..............................................................................................................................13

Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773 (7th Cir. 2003) .........8, 12

RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272 (7th Cir. 1997) ...................................................6

Ratliff v. Cooper Laboratories, Inc., 444 F.2d 745 (4th Cir. 1971)................................................9

Reynolds and Reynolds Holdings, inc. v. Data Supplies, Inc., 301 F. Supp. 2d 545 (E.D. Va. 2004)...............................................................................................................9

Ross v. Product Development Corp., 736 F. Supp. 285 (D.D.C. 1989) ...........................................8

Ruhrgas A.G. v. Marathon Oil Co., 526 U.S. 574, 119 S. Ct. 1563 (1999) ...................................5

Rush v. Savchuk, 444 U.S. 320,  100 S. Ct. 571, 579 (1980)..........................................................4

Simeone v. Bombardier-Rotax GmbH, 360 F. Supp. 2d 665 (E.D. Pa. 2005) ..............................12

United States v. Hill, 694 F.2d 258 (D.C. Cir. 1982) ....................................................................13

United States v. Philip Morris, Inc., 116 F. Supp. 2d 116 (D.D.C. 2000) ......................................4

Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d 179 (5th Cir. 1992).................................9

Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1 (D.D.C. 2004) ....................................................13

William Ronsentein & Sons Co. v. BBI Produce, Inc., 123 F. Supp. 2d 268 (M.D. Pa. 2000) ....................................................................................................................................10

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S. Ct. 559 (1980) .....................6

## STATE CASES

Everett v. Nissan Motor Corp., 628 A.2d 106 (D.C. 1993) ...........................................................13

Gonzalez v. Inter'l de Elevadores, S.A., 891 A.2d 227 (D.C. 2006)............................................13

*Hughes v. A.H. Robins Co., 490 A.2d 1140 (D.C. 1985) .................................................8, 10, 12

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 12(b)(2)..................................................................................................................5

## DISTRICT OF COLUMBIA STATUTES

D.C. Code § 13-334 ..............................................................................................................5, 9, 13

D.C. Code § 13-423 ........................................................................................................................5

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), Defendants Dole Food Company, Inc. ("DFC") and Dole Fresh Fruit Company ("DFFC") (collectively, the "Dole Defendants"), by counsel and appearing specially, move for the dismissal of the claims against them. Neither of the Dole Defendants is amenable to personal jurisdiction in the courts of the District of Columbia. Even if they were, Plaintiffs have failed to properly serve them. For the reasons that follow, the claims against the Dole Defendants should be dismissed.

## Preliminary Statement

The Court should dismiss the claims against the Dole Defendants because neither is subject to personal jurisdiction in the District of Columbia (or "the District"). First, the Dole Defendants cannot be subject to specific jurisdiction in this Court, because the claims against the Dole Defendants arise out of activities occurring in Ecuador, not the District of Columbia. Plaintiffs allege that the Dole Defendants and others committed a variety of torts by using the fungicide Mancozeb on banana plantations in Ecuador to combat Sigatoka Negra, a potentially devastating fungal plague that affects banana crops. Plaintiffs also claim that Defendant Croplife International and other defendants who are members of that organization engaged in acts in the District of Columbia that give rise to this action; but the Dole Defendants are not members of Croplife International. The Plaintiffs have not alleged any facts that would tie the Dole Defendants to Croplife's alleged acts in the District or any acts by the Dole Defendants in the District related to this action. The exercise of specific jurisdiction over the Dole Defendants is thus inappropriate.

Second, the Dole Defendants do not have the type of continuous and systematic contacts with the District that would subject them to general jurisdiction. The Dole Defendants do not do business within the District of Columbia. They do not lease or own real estate here, they have no

employees here, they file no tax returns here.  DFC's only relevant contact with the District is a registration to do business there and sporadic de minimis sales of non-banana products to District residents.  This is not the continuous and systematic contact required for the exercise of general jurisdiction.

Plaintiffs' claims against the Dole Defendants should be dismissed for the further reason that Plaintiffs failed to serve either Defendant properly.  Plaintiffs purported to serve process on DFC and DFFC by delivering a copy of the Summons and Complaint on the companies' registered agents in California.  This is insufficient under the District of Columbia's rules dictating how corporations may be served.  Plaintiffs' claims against the Dole Defendants should be dismissed for this reason as well.

### Factual Background

I.    **The Dole Defendants' Insignificant Contacts with the District of Columbia**

A.    **Dole Food Company, Inc., Is a Holding Company That Does Not Do Business in the District of Columbia.**

DFC is primarily a holding company, not an operating company.  (Ex. 1 (Affidavit of Charles Michael Carter on behalf of DFC) ¶ 5.)  It owns the "Dole" trademark and the numerous subsidiary companies that grow, manufacture and sell Dole-branded products; but apart from the negligible sale of promotional materials and certain products over the internet, DFC does not itself engage in these businesses.  (Ex. 1 ¶¶ 5, 10.)

DFC has almost no presence in the District of Columbia.  DFC is a Delaware corporation with its principal place of business in Westlake, California.  (Ex. 1 ¶ 5.)  DFC does not have property or employees in the District; it does not advertise in the District; it does not file tax returns in the District; and it has no bank accounts in the District.  (Ex. 1 ¶ 6.)  DFC is registered

to do business in the District, but as noted above, DFC transacts no business from within the District.  (Ex. 1 ¶ 8.)

While there are DFC websites from which the public can order certain Dole-branded products, sales from these websites are miniscule, both in absolute terms and as a percentage of DFC's annual revenue.  In 2007, the last year for which complete data is available, DFC derived approximately $1,137.45 from 16 orders of Dole-branded products to District residents, which constitutes less than 0.00002 percent of the total revenue received from DFC's consolidated worldwide operations. (Ex. 1 ¶ 10.)

**B.     Dole Fresh Fruit Company Does Not Transact Business Within The District of Columbia.**

DFFC sells and distributes Dole-branded fresh-fruit products, but does not do business from within the District of Columbia.  (Ex. 2 (Affidavit of Todd Camel on behalf of DFC) ¶¶ 6-9.)  DFFC does not have property or employees in the District, it does not advertise in the District, it does not file tax returns in the District, and it has no bank accounts in the District. (Ex. 2 ¶¶ 6-7.)  In addition, DFFC is <u>not</u> registered to do business in the District and maintains no registered agent here for the receipt of service of process.  (Ex. 2 ¶ 8.)

It is possible that DFFC products may be found at grocery stores in the District, but the presence of any such products is not the result of DFFC conducting business there.  Rather, DFFC products may find their way to the District through the independent acts of third-party wholesalers located outside of the District.  (Ex. 2 ¶ 9.)  DFFC will ship its products to such wholesalers outside the District who then sell the products to retailers, some of which may operate grocery stores within the District.  (Ex. 2 ¶ 9.)  In other words, DFFC has no control over its products beyond the wholesale level.  If DFFC products find their way to District grocery stores, it is the result of the independent acts of third-parties, not DFFC.

## II.     Procedural History

Plaintiffs filed this lawsuit in the Superior Court for the District of Columbia on

September 18, 2008.  They purported to serve process on the Dole Defendants by serving a

summons and copy of the complaint on the California registered agents for the Dole Defendants

on October 8, 2008.  (Exs. 3 (CT Corporation Service of Process Transmittal to DFC) & 4 (CT

Corporation Service of Process Transmittal to DFFC).)  Defendants removed the case to federal

court on October 21, 2008.

## Argument

## I.     Plaintiffs Bear the Burden of Proof of Establishing Jurisdiction over the Dole Defendants.

Plaintiffs bear the burden of establishing by a preponderance of evidence that the Court

has jurisdiction over a defendant.  AGS Int'l. Servs. S.A. v. Newmont USA Ltd., 346 F. Supp. 2d

64, 76 (D.D.C. 2004).  In order to meet that burden, plaintiffs must allege specific facts on which

personal jurisdiction can be based; they cannot rely on conclusory allegations.  D'Onofrio v.

SFX Sports Group, Inc., 534 F. Supp. 2d 86, 89 (D.D.C. 2008).  Moreover, plaintiffs cannot

aggregate factual allegations concerning multiple defendants in order to demonstrate personal

jurisdiction over any individual defendant.  See Rush v. Savchuk, 444 U.S. 320, 331-32, 100 S.

Ct. 571, 579 (1980) (holding that "the requirements of International Shoe must be met as to each

defendant over whom a state court exercises jurisdiction"). When considering personal

jurisdiction, the Court need not treat all of the plaintiff's allegations as true.  Instead, the court

"may receive and weigh affidavits and other relevant matter to assist in determining the

jurisdictional facts."  United States v. Philip Morris, Inc., 116 F. Supp. 2d 116, 120 n.4 (D.D.C.

2000) (citations omitted); see also Capital Bank Int'l, Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72,

74 (D.D.C. 2003) (same); Novak-Canzeri v. Al Saud, 864 F. Supp. 203, 206 (D.D.C. 1994)

("[T]he Court must accept Plaintiff's claims as true in ruling on a 12(b)(2) motion, unless they

are directly contradicted by an affidavit.").

## II.      This Court Lacks Personal Jurisdiction Over The Dole Defendants

"Personal jurisdiction . . . 'represents a restriction on judicial power . . . as a matter of

individual liberty.'" Ruhrgas A.G. v. Marathon Oil Co., 526 U.S. 574, 584, 119 S. Ct. 1563,

1570  (1999) (quoting Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702,

102 S. Ct. 2099, 2104 (1982)).  A court is required to dismiss a cause of action against a

defendant over which it cannot assert personal jurisdiction.  See Fed. R. Civ. P. 12(b)(2); AGS

Int'l. Servs, 346 F. Supp. 2d at 76.

Determining whether a court may properly exercise personal jurisdiction over a foreign

defendant is a two-step process.  D'Onofrio, 534 F. Supp. 2d at 90.  First, the plaintiff must show

that the defendant is subject to personal jurisdiction under the forum state's long-arm statutes.

Id.  In the District of Columbia, one of two statutes — D.C. Code § 13-334(a), the "general

jurisdiction" statute, or D.C. Code § 13-423(a)(1), the "long-arm" statute — must be satisfied.

Second, the plaintiff must show that the court's exercise of jurisdiction over the defendant

comports with the due process requirements of the federal constitution.  Id.  Because §§ 13-

334(a) and 13-423(a)(1) are interpreted to reach to the full extent of jurisdiction afforded by the

Due Process Clause, the two step inquiry collapses into a single constitutional inquiry.  Gorman

v. Ameritrade Holding Corp., 293 F.3d 506, 513 (D.C. Cir. 2002) (addressing D.C. Code § 13-

334(a)); Johnson v. Long Beach Mortg. Loan Trust 2001-4, 451 F. Supp. 2d 16, 28 (D.D.C.

2006) (addressing D.C. Code § 13-423(a)).

The Due Process Clause forbids the exercise of personal jurisdiction over a nonresident

defendant unless "**the defendant's conduct and connection with the forum State are such**

**that he should reasonably anticipate being haled into court there**." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297, 100 S. Ct. 559, 567-68 (1980) (emphasis added).  The Due Process Clause thus "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."  <u>Id.</u> at 297, 100 S. Ct. at 567. "Potential defendants should have some control over — and certainly should not be surprised by — the jurisdictional consequences of their actions."  <u>RAR, Inc. v. Turner Diesel, Ltd.</u>, 107 F.3d 1272, 1278 (7th Cir. 1997).

To this end, the Due Process Clause requires the plaintiff to show that the defendant has sufficient minimum contacts with the forum state to justify the court's exercise of personal jurisdiction.  <u>Gorman</u>, 293 F.3d at 509.  A plaintiff can make this "minimum contacts" showing either by demonstrating that the cause of action against the defendant "arise[s] out of or relates to the defendant's contacts with the forum" — <u>i.e.</u>, specific jurisdiction — or that the defendant has engaged in "continuous and systematic general business contacts" with the forum such that it may be haled into court there even when the subject matter of the suit is unrelated to those contacts — <u>i.e.</u>, general jurisdiction.  <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414-16 & nn.8-9, 104 S. Ct. 1868, 1872, & nn.8-9 (1984).  Neither is applicable here.

**A.      Because the Acts Giving Rise to This Lawsuit Occurred in Ecuador, This Court Cannot Exercise Specific Jurisdiction over the Dole Defendants.**

The causes of action against the Dole Defendants in this case arise out of activities that took place in Ecuador, not in the District of Columbia.  Specifically, Plaintiffs — all of whom either reside in Ecuador or are Ecuadorian municipalities — allege injury to person and property as a result of the use of Mancozeb on banana plantations in Ecuador.  These activities plainly cannot support the exercise of specific jurisdiction over the Dole Defendants.

Plaintiffs' conclusory allegations that the Dole Defendants "acted in concert" with Croplife International are insufficient as well.  A plaintiff cannot circumvent the specific jurisdiction requirement over a defendant through the bare and unsupported allegation that the defendant conspired with an entity in the District.  <u>First Chicago Int'l v. United Exchange Co., Ltd.</u>, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988).  This "conspiracy theory" of jurisdiction is to be applied "warily" if at all, so that it does not subvert the limitations on judicial power reflected in the Due Process Clause.  <u>DSMC, Inc. v. Convera Corp.</u>, 273 F. Supp. 2d 14, 20 (D.D.C. 2002).  Thus, "mere speculation that the nonresident defendants are co-conspirators is insufficient to meet plaintiff's prima facie burden."  <u>Id.</u> (citing <u>Hasenfus v. Corporate Air Services</u>, 700 F. Supp. 58, 62 (D.D.C. 1988)).  As the D.C. Circuit has explained, "[i]t is settled a plaintiff 'must allege specific acts connecting [the] defendant with the forum,' and that the 'bare allegation' of conspiracy or agency is insufficient to establish personal jurisdiction." <u>First Chicago Int'l</u>, 836 F.2d at 1378 (citations omitted).

Here, Plaintiffs baldly claim that the Dole Defendants acted in concert with Croplife International in connection with its alleged advocacy of Mancozeb.  (Compl. ¶¶ 328, 330.)  But Plaintiffs fail to allege "specific acts" by the Dole Defendants that connect them to Croplife International's activities in the District.  (<u>Id.</u> ¶¶ 328-332.)  Absent from the Complaint is any explanation of what the Dole Defendants actually did in connection with Croplife's alleged promotion of Mancozeb.  This is exactly the type of "mere speculation" that Courts in this Circuit have rejected when assessing specific jurisdiction.  <u>DSMC, Inc.</u>, 273 F. Supp. 2d at 20.

Plaintiffs have failed to properly allege that the Dole Defendants engaged in any activity within the District that gives rise to Plaintiffs' claims against them.  Indeed, the proof would be

to the contrary.  (Ex. 1 ¶ 11; Ex. 2 ¶ 10).   Accordingly, the Court cannot exercise specific jurisdiction over the Dole Defendants.

> **B.      The Dole Defendants Do Not Engage in Continuous and Systematic Contacts with the District of Columbia.**

Because general jurisdiction is "dispute blind" and allows for the exercise of jurisdiction over the defendant over any matter whatsoever, a plaintiff seeking to have the Court exercise general jurisdiction over a defendant must meet an exacting burden.  "General jurisdiction sets a high bar, requiring a defendant's contacts with a forum to be 'continuous and systematic' before forcing a defendant to defend a suit arising out of any subject matter whether or not related to the forum."  D'Onofrio, 534 F. Supp. 2d at 90 (citing Helicopteros).  In other words, a defendant's contacts with the forum must "'be so extensive to be tantamount to [the defendant's] being constructively present'" in the forum.  Allen v. Russian Federation, 522 F. Supp. 2d 167, 191 (D.D.C. 2007) (quoting Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 787 (7th Cir. 2003).

A number of factors are relevant in assessing whether a defendant has engaged in "continuous and systematic" contact with the forum, but no one factor is dispositive.  Courts should assess:

- the extent to which the defendant transacts business with District residents and businesses on an on-going basis, see, e.g., Gorman, 293 F.3d at 235-36;

- whether the defendant actively and continuously solicits customers within the District by taking out advertisements and sending sales representatives there, see, e.g., Hughes v. A.H.  Robins Co., 490 A.2d 1140, 1143, 1145 (D.C. 1985);

- the amount of revenue — both in absolute and relative terms — derived from sales to District residents, see, e.g., id. at 1150;

- whether the defendant is registered to do business in the District and has appointed an agent for receipt of service of process there, Ross v. Product Dev. Corp., 736 F. Supp. 285, 290 (D.D.C. 1989); and

- whether the Defendant maintains an office, telephone number, bank accounts, or files tax returns in the District.  see AGS Int'l Servs., 346 F. Supp. 2d at 76 n. 20.

One factor that is not to be considered is a defendant's presence in the forum for maintaining relationships with the United States and foreign governments.  Id. at 75-76.   None of these factors is dispositive, and the core inquiry remains whether the defendant's contacts are continuous and systematic so as to justify the exercise of dispute-blind jurisdiction.  Gorman, 293 F.3d at 235.  Plaintiffs cannot meet this burden as to either Dole Defendant.

### 1.     Dole Food Company, Inc.

DFC's scant contact with the District is far from continuous and systematic.  DFC has no physical presence in the District at all.  With the possible exception of isolated internet sales, DFC sells no products to District residents and does not otherwise transact business here.  In 2001, DFC did register to do business and made the obligatory appointment of a registered agent.  But as this Court has held, this fact alone is not sufficient to justify the exercise of general jurisdiction.  Bayles v. K-Mart Corp., 636 F. Supp. 852, 856 (D.D.C. 1986); see also Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d 179, 182 (5th Cir. 1992) (stating that the appointment of an agent to receive process and registration to do business by a corporation within a forum does not suffice to establish general jurisdiction); Ratliff v. Cooper Labs., Inc., 444 F.2d 745, 748 (4th Cir. 1971) (stating that appointing a registered agent for receipt of service of process does not amount to consent to general jurisdiction); Reynolds and Reynolds Holdings, inc. v. Data Supplies, Inc., 301 F. Supp. 2d 545, 551 (E.D. Va. 2004) (same); Leonard v. USA Petroleum Corp., 829 F. Supp. 882, 889 (S.D.Tex. 1993) (same).  In Bayles, the defendant not only maintained a registered agent for receipt of service of process, but also advertised in the District.  These contacts, held the Court, were not sufficient because they did not amount to substantial and continuous contacts as required by D.C. Code § 13-334(a).  DFC has even less

contact with the District than the defendant in Bayles.  Indeed, the factual reality, as noted above, is that DFC does virtually no business in the District.  The appointment of a registered agent does not provide a predicate for the assertion of general jurisdiction over DFC in this case.

Similarly, DFC's sporadic sales over the internet are insufficient to establish general jurisdiction.  As a general matter, a company's operation of a website does not vitiate the due process requirement that its contacts with the forum be systematic, continuous, and substantial. "Mere access by forum residents to a non-resident defendant's website is not enough, by itself, to establish minimum contacts with the forum." Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 51-52 (D.D.C. 2003).  General jurisdiction cannot be predicated on a website without a showing by the plaintiff that a defendant has actually conducted "continuous and systematic" business with the forum's residents through the website.  See FC Inv. Group LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1093 (D.C. Cir. 2008).  Residents of the District must actually "engage in sustained business activities in a continuous and systematic way" through the website at issue. Atlantigas Corp, 290 F. Supp. 2d at 51.  "Doing business" over the internet only occurs when a defendant conducts a significant portion of its business through a website.  See Hughes, 490 A.2d at 1151 ("when the cause of action is unrelated to any corporate activity in the forum, . . . revenues [in excess of $3 million and 1% of company's total revenue] cannot be deemed "substantial" within the meaning of International Shoe").  See also, e.g., Nichols v. G. D. Searle & Co., 991 F.2d 1195, 1198 (4th Cir. 1993) (finding that direct sales to forum that constituted approximately two percent of defendant's sales did not allow for assertion of general jurisdiction); William Ronsentein & Sons Co. v. BBI Produce, Inc., 123 F. Supp. 2d 268, 274 (M.D. Pa. 2000) (holding that sales to forum state that amounted to less than ten percent of total sales insufficient to support general jurisdiction); Modern Mailers v. Johnson & Quin, Inc., 844

F. Supp. 10448, 1054 (E.D. Pa. 1994) (holding that direct sales to forum accounting for less than 0.5% of total sales were insubstantial and not central enough to the defendant's business to establish general jurisdiction).

DFC's website sales to District residents do not rise to this level.  In 2007, those websites received a total of 16 orders for shipment to the District amounting to $1,137.45 in revenue. (Ex. 1 ¶ 10.)  That amount constitutes less than 0.00002 percent of DFC's total, world-wide revenues for 2007.  (Ex. 1 ¶ 10.)  Such a miniscule amount of revenue derived from the internet does not amount to substantial contact with the District.  See Campbell Pet Co. v. Miale, 542 F.3d 879, 884 (Fed. Cir. 2008) (finding that internet sales to forum that accounted for approximately two percent of defendants' total sales were too sporadic and insubstantial to establish general jurisdiction); Hockerson-Halberstadt, Inc. v. Propet USA, Inc., Case Nos. 02-1259, 02-1304, 02-1341, 62 Fed. App'x. 322, 337 (Fed. Cir. April 1, 2003) (unpublished) (holding that even though company's website generated sales every month in forum, because total sales in the forum amounted to less than 0.0008 percent of company's revenue, company's contacts were not of such a nature to justify general jurisdiction).  Accordingly, DFC cannot be subjected to the Court's general jurisdiction based on such sporadic and insubstantial contacts.

### 2.      Dole Fresh Fruit Company

DFFC likewise lacks sufficient contact with the District to justify the exercise of general jurisdiction.  DFFC does not own or lease property in the District; it has no registered agent in the District; it files no tax returns in the District.

DFFC products may be available for purchase in District grocery stores, but this does not in and of itself constitute "doing business" within the District.  The mere presence of DFFC products in District grocery stores is not, standing alone, indicative of a constructive presence. DFFC does not sell products to any grocery store in the District.  (Ex. 2 ¶ 9 .)  If DFFC products

are present in the District, that is the result of independent acts of out-of-District wholesalers or other entities in the stream of commerce.  (Ex. 2 ¶ 9.)  DFFC simply has no control over whether products sold to out-of-District wholesalers are eventually placed in the District by them for sale.

Critically, a defendant does not subject itself to general jurisdiction in the District's courts through the mere act of placing products in the "stream of commerce" that find their way into the District.  Cf. Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 112, 107 S.Ct. 1026, 1032 (1987) (discussing stream of commerce theory in context of specific jurisdiction). While placing products in the "stream-of-commerce" with the intent of supplying forum consumers can be relevant to the specific jurisdiction analysis, plaintiffs cannot rely on that activity to circumvent the distinct general jurisdiction inquiry.  See, e.g., Purdue Research Found., 338 F.3d at 788 (7th Cir. 2003) (holding that stream-of-commerce theory provides no basis for exercising general jurisdiction); Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 216 (5th Cir. 2000) ("We have specifically rejected a party's reliance on the stream of commerce theory to support asserting general jurisdiction over a nonresident defendant."); Matthews v. Bookstone Stores, 469 F. Supp. 2d 1056, 1064 (S.D. Ala. 2007) (same); Simeone v. Bombardier-Rotax GmbH, 360 F. Supp. 2d 665, 673-74 (E.D. Pa. 2005) (same); Fisher v. Prof'l Compounding Ctrs. of Am., Inc., 318 F. Supp. 2d 1046, 1050 (D. Nev. 2004) (same).

Significantly, in instances where a corporation's products have arrived in the District primarily from out-of-District wholesalers, the District of Columbia Court of Appeals has been unwilling to find that a corporation is "doing business" under § 13-334.  See Hughes, 490 A.2d at 1149, n.15-16.  DFFC's sales to independent distributors that are located outside of the District cannot support a finding that DFFC is "doing business" under §13-334.  Accordingly, the

presence of DFFC's products in District grocery stores is not a basis for asserting general jurisdiction over DFFC.

### III.     Plaintiffs Did Not Properly Serve Dole Defendants with Process.

Beyond the lack of any contacts with the District, the Court may not exercise personal jurisdiction over the Dole Defendants if the Plaintiffs failed, as here, to properly serve them with process.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  Omni Capital Int'l, Ltd. v. Rudolph Wolff Co., 484 U.S. 97, 104, 108 S. Ct. 404, 409  (1987); accord United States v. Hill, 694 F.2d 258, 261 (D.C. Cir. 1982) ("Personal jurisdiction in a civil suit implies, among other things, either voluntary appearance by the defendant or valid service of process on him at the place where he may be found.") (citation omitted).  In this case, because the Dole Defendants challenge the manner in which they were served with process, the Plaintiffs bear the burden of proving the validity of service.  See Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 2 (D.D.C. 2004) (citing Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992)).

D.C. Code § 13-334 provides the manner in which a foreign corporation must be served with process; this section contains a "specific jurisdictional requirement . . . that service be made in the District of Columbia." Everett v. Nissan Motor Corp., 628 A.2d 106, 108 (D.C. 1993) (stating that D.C. Sup. Ct. Rule 4 does not override predicate of § 13-334 that service be made within the District); see D.C. Code § 13-1334(a)(1) (stating that service must be made within the District of Columbia); Gonzalez v. Inter'l de Elevadores, S.A. 891 A.2d 227, 233 (D.C. 2006) (finding defective service when foreign corporation served outside the District). "Where the basis for obtaining jurisdiction over a foreign corporation is § 13-334(a)," a plaintiff must serve process in the District or it is "foreclosed from benefiting from the statute's jurisdictional protection." Gorman, 293 F.3d at 514 (affirming dismissal based on ineffective service of

process because plaintiff mailed complaint to corporation's headquarters in Nebraska).  This

court has also applied the mandates of § 13-1334 to dismiss cases for ineffective service of

process.  In <u>Gowens v. DynCorp</u>, 132 F. Supp. 2d 38, 42 (D.D.C. 2001), this Court found that

process was defective, under § 13-334, because the plaintiff served a defendant corporation at its

Virginia headquarters rather than in the District.

      The plaintiffs must rely on § 13-334 to establish jurisdiction over the Dole Defendants

because the subject matter of the suit is unrelated to any contacts it is alleged to have had with

the forum.  <u>See</u> <u>AGS Int'l</u>, 346 F. Supp. 2d at 74; <u>COMSAT Corp. v. Finshipyards S.A.M.</u>, 900

F. Supp. 515, 520 (D.D.C. 1995) (stating that a "court in the District may exercise jurisdiction

over a non-resident defendant only for a claim . . . arising from specific acts enumerated in the

[D.C. Long-Arm Statute] D.C. Code § 13-423(b).").  Here, the Dole Defendants were not served

in the District; both received process through service that was made upon their California

registered agent.  (Exs. 3 & 4.)  Accordingly, they have not been served in compliance with § 13-

334 and personal jurisdiction may not be asserted over them.

<u>**Conclusion**</u>

      Neither of the Dole defendants has the type of systematic and continuous contacts with

the District that is sufficient to justify the exercise of general jurisdiction over them.  The factual

predicate to establish specific jurisdiction over the Dole Defendants simply does not exist.

Moreover, the Dole Defendants were improperly served.  This Court, therefore, may not assert

personal jurisdiction over the Dole Defendants and the case should be dismissed against them.

Dated: November 21, 2008

Respectfully submitted,


By: /s/ Sergio F. Oehninger

Sergio F. Oehninger (D.C. Bar No.  486369)
**HUNTON & WILLIAMS LLP**
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Phone:  (703) 714-7552
Fax: (703) 714-7410
Email:  soehninger@hunton.com
*Counsel for Dole Food Company, Inc. and*
*Dole Fresh Fruit Company*


Of Counsel

/s/ D. Alan Rudlin
D. Alan Rudlin (Va. Bar No. 17010)
George P. Sibley, III (Va. Bar No. 48773)
Admitted *pro hac vice*
**Hunton & William LLP**
Riverfront Plaza, East Tower
951 E. Bryd Street
Richmond, Virginia 23219
Phone: (804) 788-8200
Fax:    (804) 788-8218
Email : arudlin@hunton.com
            gsibley@hunton.com

*Counsel for Dole Food Company, Inc. and*
*Dole Fresh Fruit Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to the following:

Mark Fitzsimmons, Esq.
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
*Counsel for Defendant Monsanto Company*


Daniel Blakey, Esq.
Lawrence P. Riff, Esq.
STEPTOE & JOHNSON LLP
633 West 5th Street
Los Angles, CA 90071
*Counsel for Defendant Monsanto Company*

Raymond G. Mullady, Jr. Esq.
ORRICK HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC  20005
*Counsel for Defendant The Dow Chemical Company*

Erika Kleiman, Esq.
Edward A. Moss, Esq
SHOOK HARDY & BACON LLP
600 14th St. N.W.
Suite 800
Washington, D.C.  20005
*Counsel for Defendant E.I. du Pont de Nemours*

Terrence P. Collingsworth, Esq.
CONRAD & SCHERER, LLP
731 8th Street, SE
Washington, DC  20003
Telephone: (202) 543-4001
*Counsel for Plaintiffs*

And I hereby certify that I will mail the foregoing document by U.S. mail to the following non-CM/ECF users:

Croplife International
1156 15th Street NW
Washington, DC  20005

Croplife Ecuador
Ave. Juan Tanca Marengo
Bldg. Professional Center
Suite 214
Quito, Ecuador

Dupocsa, Dupont del Ecuador
Km 1 ½ va Duran Tambo
Guayaquil, Ecuador

Bayer Global Cropscience
Alfred Nobel Strasse
50-D-40789
Monheim am Rhein, Germany

Bayer del Ecuador, S.A.
Cordero 518 y Av. 12 de octubre
Edificio Plaza 2000
Piso 12 y 13
Quito, Ecuador
Alvaro Noboa
Calle El Oro 101 y Ria
Guayaquil, Ecuador

Grupo Noboa
Calle El Oro 101 y Ria
Guayaquil, Ecuador

Bonita Brands Bananas
Pacific Fruit Inc.
300 Western Avenue
Staten Island, NY 10303

Wong Group
Av. De las Americas
Aeropuerto Simon Bolivar
Guayaquil, Ecuador

/s/ Sergio F. Oehninger
Sergio F. Oehninger (D.C. Bar No.  486369)
**HUNTON & WILLIAMS LLP**
1751 Pinnacle Drive, Suite 1700
McLean, Virginia  22102
Phone:  (703) 714-7552
Fax:  (703) 714-7410
Email:  soehninger@hunton.com
*Counsel for Dole Food Company, Inc. and*
*Dole Fresh Fruit Company*