UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JORGE WASHINGTON ACOSTA            )
ORELLANA, et al.,                                )
                                                    )
           Plaintiffs,                            )
                                                    )
     v.                                            )   Civil Action No. 08-1790 (RBW)
                                                    )
CROPLIFE INTERNATIONAL, et al.,    )
                                                    )
           Defendants.                           )
_____)

## ORDER

The plaintiffs comprise a class of individuals alleging injuries arising form "exposure to the agrochemical Mancozeb," a fungicide used to treat bananas on plantations in Ecuador to prevent the "sigatoka negra" or "black banana" fungus, First Amended Complaint ("Am. Compl.") ¶¶ 1-2, as well as a municipality alleging harm caused "by the heavy concentration of fumigations occurring within the Municipality," id. ¶ 8(5).  They bring this action against defendants, numerous corporate entities that allegedly promoted the use of Mancozeb, produced it, sold it, and/or used it, as well as one named individual, for alleged tortuous conduct giving rise to the plaintiffs' alleged injuries in Ecuador.  Id. ¶ 8(1)-(5).  Specifically, the plaintiffs allege against all defendants the torts of battery, assault, fraudulent concealment, negligence per se, negligent supervision, trespass, negligent trespass, nuisance and nuisance per se, and strict liability.  Id. ¶¶ 361-98.  This matter is currently before the Court on the motions of defendants E.I. Du Pont De Nemours and Dow Agrosciences LLC, and the joint motion of Dole Food Company, Inc., and Dole Fresh Fruit Company (collectively the "Dole defendants") to dismiss the plaintiffs' complaint on the grounds that the Court does not have personal jurisdiction over

the defendants bringing these motions.  See generally Dupont's Motion to Dismiss for Lack of Personal Jurisdiction ("Dupont's Mot."); Defendant Dow Agrosciences LLC's Motion to Dismiss; Motion of Dole Food Company, Inc. and Dole Fresh Fruit Company to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) ("Doles' Mot.").  In response to these challenges to the Court's personal jurisdiction, the plaintiffs take exception to the defendants' motions and also seek jurisdictional discovery.  See generally Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and Cross-Motion for Jurisdictional Discovery ("Pls.' Opp'n & Cross-Mot.").  In addition to these jurisdictional related filings, the plaintiffs' counsel also request that they be permitted to withdraw from their representation of plaintiff Rodolfo Roberto Vega Moran.  See generally Motion by Conrad & Scherer, LLP to Withdraw Their Appearance for Plaintiff Rodolfo Roberto Vega Moran.  All of the pending motions are opposed.  See generally Pls.' Opp'n & Cross-Mot.; Dole Defendant's Reply Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process; Reply Memorandum in Further Support of Defendant Dow Agrosciences LLC's Motion to Dismiss and in Opposition to Plaintiffs' Cross-Motion for Jurisdictional Discovery; Dupont's Response to Motion by Plaintiffs' Counsel to Withdraw Their Appearance on Behalf of Rodolfo Roberto Vega Moran; Defendant Dow Agrosciences LLC's Opposition to Plaintiffs' Counsel's Motion to Withdraw Their Appearance on Behalf of Plaintiff Rodolfo Roberto Vega Moran; see also DuPont's Reply in Support of Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction at 11-13.[1]

---

[1]  The Court also considered the following documents in ruling on these motions: Memorandum of Points and
(continued . . .)

The parties came before the Court on September 14 and 29, 2009, for hearings on the pending motions. Upon consideration of the parties' written submission, the applicable legal authority, the oral arguments presented by the parties, and for the reasons expressed by the Court at the hearing on the motion, the Court memorializes the oral rulings as follows:

1. Given that the lead plaintiff has not stated in his sworn declaration, as plaintiffs' counsel represented in the September 14 hearing, that plaintiff Vega Moran has compromised the plaintiffs' case by improperly conveying information to one or more of the defendant corporate entities, the Court cannot find that the plaintiffs' case would be prejudiced by the plaintiffs' counsel's continued representation of plaintiff Vega Moran. Indeed, Plaintiff Vega Moran's alleged conduct, i.e., his continued involvement in the use of Mancozeb, see Notice of Declaration in Support of Motion to Withdraw Appearance for Plaintiff Rodolfo Roberto Vega Moran, Ex. 1 (Declaration of Jorge Acosta Orellana) ¶¶ 6-9, would only bear on his ability to establish his personal entitlement to damages arising from his exposure to Mancozeb. Further, there is no evidence that plaintiff Vega Moran has acquired alternative representation, and therefore the Court can only presume that he would be relegated to representing himself in this litigation if counsel were permitted to withdraw from their representation of Mr. Vega Moran. In light of the practical difficulties that would arise from plaintiff Vega Moran's pro se representation for both the defendants and the Court, and the extra protections and communication

---

( . . . continued)
Authorities in Support of Defendant Dow Agrosciences LLC's Motion to Dismiss ("Dow AS's Mem."); Dole Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process ("Doles' Mem."); Plaintiffs' Reply to Defendants' Opposition to Jurisdictional Discovery; Notice of Declaration in Support of Motion to Withdraw Appearance for the Plaintiff Rodolfo Roberto Vega Moran; and Plaintiffs' Notice of Supplemental Authority.

difficulties that would arise given that the plaintiff's native language is Spanish, id., and given the plaintiffs' counsel's inability to show that the other plaintiffs would sustain any prejudice resulting from their counsel's continued representation of plaintiff Vega Moran, the Court must deny the motion.

2. The Dole defendants' motion to dismiss must be granted given that the plaintiff has not satisfied the requirements of the District of Columbia long-arm statute, which sets forth the requirements for specific jurisdiction. D.C. Code § 13-423(a)(1), (b) (2009).[2] Under § 13-423(a)(1) of the District of Columbia long-arm statute, courts may only exercise personal jurisdiction over a party "transacting any business in the District of Columbia." The reach of this provision is limited, however, by § 13-423(b), which mandates that there be "a significant connection between the claim and alleged contact with the forum." World Wide Minerals Ltd. v. Kazakhstahn, 116 F. Supp. 2d 98, 106 (D.D.C. 2000); see also AGS Int'l Servs. S.A. v. Newmont USA Ltd., 346 F. Supp. 2d 64, 78 (D.D.C. 2004) (noting that the plaintiff is required to demonstrate that "the claim raised [has] a discernible relationship to the 'business' transacted in the District") (citation omitted)). As represented at the September 29 hearing, it is undisputed that bananas from the Dole Fresh Fruit Company are for sale in the District, although the Dole Fresh Fruit Company maintains that the bananas only arrive in the District by way of the distribution of third-

---

[2] While the plaintiffs represented at the start of the September 29 hearing that the plaintiffs were not conceding the challenges to the Court's general jurisdiction that was raised by E.I. Du Pont De Nemours, Dow Agrosciences LLC, and the Dole defendants, the plaintiffs' failure to address the challenges in their opposition filing and during the hearing on the challenges is telling. In any event, the Court concludes that the plaintiff has failed to meet their burden of showing that the Court can exercise general jurisdiction over these defendants. And on this point, it is also notable that none of these defendants were served in the District of Columbia. See Dupont's Mot. at 11 (indicating service in Delaware); Dow AS's Mem. at 9 (indicating service in Michigan with copies to counsel in New York); Doles' Mem. at 2 (indicating service in California).

parties, not by any action of Dole Fresh Fruit Company directly.  Moreover, Dole Food Company, Inc., has only minimal sales of its products to District residents via its Web sites.  While the Court is concerned that these limited contacts with the District are insufficient to give rise to the minimum contacts needed to assert personal jurisdiction over the Dole defendants, and as such the Dole defendants would not necessarily have been aware that their "conduct and connection with the forum State are such that [they] should reasonably anticipate being haled into court [in the District of Columbia]," Jackson v. Loews Wash. Cinemas, 944 A.2d 1088, 1092 (D.C. 2008) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)), even if it were to find that the requisite minimum contacts were established under D.C. Code § 13-423(a)(1), it cannot find that there is also the requisite showing by the plaintiffs of a "discernible relationship" between the claims asserted and the business transacted by these defendants in this jurisdiction necessary to satisfy § 13-423(b), Trerotola v. Cotter, 601 A.2d 60, 64 (D.C. 1991).  The nexus offered by the plaintiffs is just too attenuated to satisfy the statutory requirements of a discernable relationship.  In other words, the business activity of the Dole defendants alleged to have occurred in the District – the marketing and sale of bananas or other products to District residents – is simply too far removed from "the [purported] indiscriminate use of [M]ancozeb in Ecuador," Pls.' Opp'n & Cross-Mot. at 27, to fairly discern a link between the two events, or to show, as the plaintiffs represented at the September 29 hearing, that increased use of Mancozeb in Ecuador resulted in increased sales of Dole bananas in the District of Columbia.  Quite to the contrary, there has been no showing that the sale of the Dole defendants' products in the

District has any connection to the misuse or overuse of Mancozeb in Ecuador, as the harm allegedly caused by the use of the pesticide does not flow with the products' distribution, rather any harm caused by the pesticide's use occurred and is limited to the impact it had on the plaintiffs in Ecuador.

3. At this time, based on the record before it, the Court must deny without prejudice the motions to dismiss by defendants E.I. Du Pont De Nemours and Dow Agrosciences LLC, as well as the plaintiffs' motion for jurisdictional discovery.  As was noted at the September 29 hearing, Defendants CropLife International and CropLife America (collectively the "CropLife defendants") also have a pending joint-motion to dismiss the plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the plaintiffs have failed to state a claim with respect to those defendants, see generally Defendants CropLife America and CropLife International's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted or, in the Alternative, for Summary Judgment, whose resolution may affect the outcome of the pending jurisdictional motions to dismiss.  The Court agrees with this assessment, and therefore concludes that it should defer its ruling on the motions to dismiss brought by defendants E.I. Du Pont De Nemours and Dow Agrosciences LLC and the plaintiffs' motion for jurisdictional discovery until the CropLife defendants' motion to dismiss is resolved. These motions will therefore be denied without prejudice at this time.  Once the CropLife defendants' motion to dismiss is addressed, the Court will reinstate the motions to dismiss brought by Defendants E.I. Du Pont De Nemours and Dow Agrosciences LLC and the plaintiffs' motion for jurisdictional discovery and render a final decision on them.

Accordingly, it is hereby

**ORDERED** that Motion by Conrad & Scherer, LLP to Withdraw Their Appearance for Plaintiff Rodolfo Roberto Vega Moran is **DENIED**. It is further

**ORDERED** that Motion of Dole Food Company, Inc. and Dole Fresh Fruit Company to Dismiss First Amended Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) is **GRANTED**, and defendants Dole Food Company, Inc., and Dole Fresh Fruit Company are dismissed from this action. It is further

**ORDERED** that Dupont's Motion to Dismiss for Lack of Personal Jurisdiction and Defendant DowAgrosciences LLC's motions to dismiss are **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Plaintiff's Consolidated Opposition to Defendant's Motions to Dismiss for Lack of Personal Jurisdiction and Cross-Motion for Jurisdictional Discovery is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 30th day of September, 2009.

_____/s/_____
REGGIE B. WALTON
United States District Judge