UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JORGE WASHINGTON ACOSTA             )
ORELLANA, et al.,                   )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )    Civil Action No. 08-1790 (RBW)
                                    )
CROPLIFE INTERNATIONAL, et al.,     )
                                    )
            Defendants.             )
_____ )

## MEMORANDUM OPINION

This matter is currently before the Court on defendant CropLife Ecuador's ("CropLife E") motion for dismissal of the plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), alleging that this Court lacks personal jurisdiction over it, and opposing the plaintiffs' motion for jurisdictional discovery. Defendant CropLife Ecuador's Motion to Dismiss Plaintiffs' First Amended Complaint ("Def. CropLife E's Mot.") and Memorandum in Support of Defendant CropLife Ecuador's Motion to Dismiss First Amended Complaint for Lack of Personal Jurisdiction or, in the Alternative, for Failure to State a Claim Upon which Relief may Be Granted ("Def. CropLife's Mem.").[1] The motion is opposed by the plaintiffs. Plaintiffs' Opposition to CropLife Ecuador's Motion to Dismiss Plaintiffs' First Amended Complaint and Cross-Motion for Jurisdictional Discovery ("Pls.' Opp'n to CropLife E's Mot.").[2] For the

---

[1] Because CropLife E's motion to dismiss will be granted based on its primary lack of personal jurisdiction challenge pursuant to Federal Rule of Civil Procedure 12(b)(2), CropLife E's alternative argument for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted need not be addressed by the Court.

[2] The Court also considered the following documents in resolving the defendant's motion: the First Amended Class Action Complaint for Equitable Relief and Damages; Jury Trial Demanded ("Am. Compl."); and the Reply Memorandum in Support of Defendant CropLife Ecuador's Motion to Dismiss Plaintiffs' First Amended Complaint Complaint.

reasons that follow, the Court finds that the plaintiffs' Amended Complaint fails to provide any basis for this Court exercising personal jurisdiction over defendant CropLife E, and accordingly, the defendant's motion to dismiss the complaint in its entirety pursuant to Rule 12(b)(2) is granted. In addition, the Court denies the plaintiffs' motion to conduct jurisdictional discovery.

## I. BACKGROUND

CropLife E's primary argument in its motion to dismiss is that this Court lacks any basis to exercise personal jurisdiction over it in the District of Columbia (the "District").[3] CropLife Ecuador is a "foreign, not-for-profit trade organization incorporated under the laws of Ecuador and domiciled in Guayaquil, Ecuador." Def. CropLife E's Mot. at 4. The plaintiffs allege that CropLife E is a member of CropLife International ("CropLife I") and CropLife America ("CropLife A"), and as such, made decisions in the District, which caused the injuries alleged.[4] Am. Compl. ¶¶ 312, 317.

The plaintiffs are alleging injuries resulting from their "exposure to the agrochemical Mancozeb," a fungicide used on bananas at plantations in Ecuador to prevent "sigatoka negra" or "black banana" fungus. Id. ¶¶ 1–2. The plaintiffs are comprised of five groups: pilots who sprayed Mancozeb on the banana plants, ground crew members employed by fumigation

---

[3] CropLife E filed its motion to dismiss on October 16, 2009, and defendants Dow Agrosciences LLC ("Dow") and E.I. du Pont de Nemours ("DuPont") filed similar motions in February 2009. Due to a pending motion to dismiss for failure to state a claim filed jointly on behalf of the defendants CropLife International ("CropLife I") and CropLife America ("CropLife A") (the "CropLife Motion"), the Court denied the motions of Dow and DuPont without prejudice in September 2009, given the possibility that the resolution of the CropLife Motion would impact the resolution of Dow's and DuPont's motions. The plaintiffs asserted two alternative theories as grounds for this Court exercising personal jurisdiction over Dow and DuPont, in addition to alleging specific jurisdiction under the long-arm statute. Specifically, the plaintiffs alleged that CropLife I and CropLife A were at the hub of a conspiracy in which they were participants, or alternatively, that CropLife I and CropLife A served as the agents of Dow and DuPont in the District, and argued that under these theories, the Court should find that they transacted business in this jurisdiction through CropLife I or CropLife A. Thus, the Court determined that a ruling on the CropLife Motion could possibly impact its ruling on the conspiracy and agency jurisdiction theories asserted in response to defendants Dow's and DuPont's motions.

[4] CropLife International and CropLife America were both dismissed from this action on March 31, 2010, after the Court granted their Motion to Dismiss For Failure to State a Claim Upon Which Relief Can be Granted under Rule 12(b)(6).

companies who used Mancozeb, banana plantation workers who were exposed to Mancozeb, other individuals who lived near the plantations and were also knowingly exposed to Mancozeb, and the Municipality of Pueblo Viejo, which presumably is also located near the plantations. Id. ¶ 8. The plaintiffs allege that the defendants "failed to warn [banana plantation] workers and other exposed persons of [Mancozeb's] hazardous nature" and promoted the use of the agrochemical in unsafe quantities while "purposely conceal[ing] information about [its] toxicity." Id. ¶¶ 1, 6, 7, 356. The amended complaint advances several state law tort claims (battery, assault, fraudulent concealment, negligence per se, negligent supervision, trespass, negligent trespass, nuisance, nuisance per se, and strict liability), see id. ¶¶ 361–398, and the plaintiffs, who seek class certification, request compensatory and punitive damages, various forms of equitable relief, in addition to attorneys fees and litigation costs. See id. ¶ 400.

## II. LEGAL STANDARD

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make "a prima facie showing of the pertinent jurisdictional facts." First Chi. Int'l v. United Exch. Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988). In doing so, the plaintiff "must allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations." Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 42 (D.D.C. 2003) (emphasis added); see also Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990) (noting that the "plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant") (citing Reuber v. United States, 750 F.2d 1039, 1052 (D.C. Cir. 1984)). In considering a motion to dismiss for lack of personal jurisdiction, the Court is not required to assume the truth of the plaintiffs' allegations and instead "may receive and weigh affidavits and other relevant matter to assist in determining jurisdictional facts." United States v. Philip Morris

Inc., 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). However, in determining whether a proper basis for personal jurisdiction exists, "factual discrepancies appearing in the record must be resolved in favor of the plaintiff." Crane, 894 F.2d at 456 (citing Reuber, 750 F.2d at 1052).

### III. LEGAL ANALYSIS

As grounds for asserting personal jurisdiction with respect to defendant CropLife E, the plaintiffs posit alternate theories in their responses to the Defendant's Motion to Dismiss.[5] See Pls.' Opp'n to CropLife E's Mot. at 1–2. The plaintiffs first allege that jurisdiction is proper based on CropLife E's own conduct in this jurisdiction under the District's long-arm statute.[6] See Pls.' Opp'n to CropLife E's Mot. at 11. Second, the plaintiffs maintain that jurisdiction is proper based on the doctrine of conspiracy jurisdiction. See Pls.' Opp'n to CropLife E's Mot. at 16. Third, the plaintiffs maintain that jurisdiction is proper under the theory of agency. Pls.' Opp'n to CropLife E's Mot. at 12. The defendant contends that the plaintiffs fail to satisfy either the statutory or due process requirements necessary to establish personal jurisdiction over it based on any of these theories. See Def. CropLife E's Mot. at 1.

---

[5] The plaintiffs do not suggest that the Court has general jurisdiction over the defendant, since CropLife E does not have the "continuous and systematic" contacts necessary for the exercise of general jurisdiction, as that doctrine has been defined in Supreme Court jurisprudence. See, eg., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n.9 (1984). Thus, the analysis will proceed based on the allegations of specific jurisdiction under the District of Columbia long-arm statute, and alternatively, jurisdiction based on the theories of conspiracy and agency.

[6] § 13-423 of the District's long-arm statute provides, in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
>
> (1) transacting any business in the District of Columbia;
>
> . . .
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

D.C. Code § 13-423(a)(1), (b) (2009).

4

## A. Personal Jurisdiction Pursuant to D.C.'s Long-Arm Statute

To determine whether the Court may exercise personal jurisdiction over a non-resident defendant, "a court must engage in a two-part inquiry." GTE New Media Servs. Inc. v. Bellsouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000). Jurisdiction must first be "proper under the applicable local long-arm statute," and second must also "accord[] with the demands of due process." United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995). The District's long-arm statute allows for the exercise of personal jurisdiction pursuant to either § 13-334 (general jurisdiction, which has not been alleged by the plaintiffs), or § 13-423 (specific jurisdiction).

Under § 13-423(a) of the District's long-arm statute, courts may exercise specific jurisdiction over a party "transacting any business in the District of Columbia." The reach of this provision is limited, however, by the requirement of §13-423(b), which mandates that there be "a significant connection between the claim and alleged contact with the forum." World Wide Minerals Ltd. v. Kazakhstahn, 116 F. Supp. 2d 98, 106 (D.D.C. 2000); see also AGS Int'l Servs. S.A. v. Newmont USA Ltd., 346 F. Supp. 2d 64, 78 (D.D.C. 2004) (noting that the plaintiff is required to demonstrate that "the claim raised [has] a discernible relationship to the 'business' transacted in the District") (citation omitted).

In sum, aggregating the statutory requirements with the constitutional due process requirements in the assessment of whether the Court has establish personal jurisdiction under § 13-423(a)(1), the plaintiff "must demonstrate that (1) the defendant transacted business in the District of Columbia; (2) the claim arose from the business transacted in the District; (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice." Atlantigas, 290 F. Supp. 2d at 43 (citing Dooley v. United Techs., F. Supp. 65, 71 (D.D.C. 1992)). The

constitutional aspect of this analysis evaluates "whether the defendant purposely established minimum contacts in the forum [s]tate," Asahi Metal Indus. Co. v. Superior Ct. of Cal., 480 U.S. 102, 108–09 (1987) (citation omitted), such that "potential defendants [may] structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980).

### 1. Defendant CropLife Ecuador

CropLife E argues that because the plaintiffs have not alleged any specific contacts between CropLife E and this jurisdiction, a finding of specific jurisdiction would be improper. CropLife E's Mot. at 1. The plaintiffs respond that personal jurisdiction is appropriate over this defendant for several independent reasons. Pls.' Opp'n at 1–2. However, the plaintiffs do not allege a single basis for personal jurisdiction over CropLife E, aside from theories that rely exclusively on CropLife E's relationship with CropLife I and CropLife A. Id. Thus, while the District's long-arm statute provides that courts in the District may exercise personal jurisdiction "over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia," D.C. Code § 13-423(a)(1),[7] because no direct actions by CropLife E in the District are alleged, the Court finds that the plaintiffs have not met their burden of proving that specific jurisdiction can be exercised over CropLife E based on its own conduct.

### B. Plaintiffs' Alternate Theories for Exercising Personal Jurisdiction Over CropLife Ecuador

Establishing conspiracy jurisdiction under § 13-423 requires an assumption that "[p]ersons who enter the forum and engage in conspiratorial acts are deemed to transact business there directly; co-conspirators who never enter the forum are deemed to transact business there

---

[7] See infra Part B at 7-8, for a discussion on the agency theory of personal jurisdiction as it pertains to CropLife E.

by an agent." FC Inv. Group LC v. IFX Mkts., Ltd., 479 F. Supp. 2d 30, 41 (D.D.C. 2007) (alteration in original) (citation and internal quotation marks omitted). Three prerequisites must be established by a plaintiff "[i]n order to attribute the acts of one co-conspirator for jurisdictional purposes[:] (1) the existence of a civil conspiracy . . . (2) the defendant's participation in the conspiracy, and (3) an overt act by a co-conspirator within the forum, subject to the long-arm statute, and in furtherance of the conspiracy." Id. (citations and internal quotation marks omitted). On the other hand, "[t]he existence of an agency relationship is determined by a three-prong test: (1) the agent is subject to the principal's right of control; (2) the agent has a duty to act primarily for the benefit of the principal; and (3) the agent holds a power to alter the legal relations of the principal." Presidential Motor Yacht Corp. v. President Marine, Ltd., 753 F. Supp. 7, 13 (D.D.C. 1990) (citation and internal quotation marks omitted).

The defendant disputes the plaintiffs' allegations of personal jurisdiction under either theory, arguing that they are conclusory and thus insufficient to raise an inference of conspiracy. Def. CropLife E's Mot. at 15–16. The plaintiffs assert that CropLife E is properly before the Court in this forum based on the doctrine of conspiracy jurisdiction, alleging that CropLife E was part of a conspiracy to wrongfully promote Mancozeb in Ecuador, with CropLife I and CropLife A at its hub. Pls.' Opp'n to CropLife E's Mot. at 16. The plaintiffs also argue that CropLife E had an agency relationship with CropLife I and CropLife A. Pls.' Opp'n to CropLife E's Mot. at 12. Thus, having accorded the Court the ability to exercise personal jurisdiction over [CropLife I and CropLife A] by serving them in the District of Columbia, the plaintiffs argue that personal jurisdiction can also be exercised over CropLife E based on its alleged conspiratorial and agency relationships with CropLife I and CropLife A. Pls.' Opp'n to CropLife E's Mot. at 10–11. However, since the Court has dismissed all of the plaintiffs' claims against CropLife I and

7

CropLife A (the two defendants that were the alleged hub of the conspiracy and the critical parties for the existence of an agency relationship for personal jurisdiction purposes as to CropLife E), see May 13, 2010 Mem. Op. at 48, the plaintiffs' claim that the exercise of personal jurisdiction over CropLife E is proper based on either theory no longer has any merit. Thus, having rejected each of the plaintiffs' bases for this Court exercising personal jurisdiction over CropLife E, its motion to dismiss must be granted.

**C.    The Plaintiffs' Requests for Jurisdictional Discovery**

A plaintiff seeking jurisdictional discovery should "make a detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce." Atlantigas, 290 F. Supp. 2d at 53 (internal quotation marks omitted). A generalized request for jurisdictional discovery in an attempt to establish personal jurisdiction over a defendant is not sufficient. Id. Here, the plaintiffs' submission does not offer a detailed showing of what jurisdictional discovery they seek and how such discovery will establish jurisdiction over the defendant in this forum. Pls.' Opp'n to CropLife E's Mot. at 19–20. Rather, the plaintiffs merely seek information concerning the contacts CropLife E had with the boards of CropLife I and CropLife A, information that even if firmly established would not serve as a basis for this Court having personal jurisdiction over CropLife E. Id.; see supra Part B. Therefore the Court must deny the plaintiffs' motion to conduct jurisdictional discovery.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that the plaintiffs have failed to make a sufficient showing that personal jurisdiction can properly be exercised over CropLife E, based on either general or specific jurisdiction, nor under any theory of vicarious jurisdiction (i.e., conspiracy or agency jurisdiction). Thus, the Court grants CropLife E's motion to dismiss the

complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and it does so without prejudice.  Cf. Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (stating that "a dismissal with prejudice is warranted only when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (quoting Jarrell v. U.S. Postal Serv., 753 F.2d 1088, 1091 (D.C. Cir. 1985)) (second emphasis added) (internal quotation marks and citation omitted).  Further, for the reasons set forth above, the Court must deny the plaintiffs' motion for jurisdictional discovery.

**SO ORDERED** this 23rd day of September, 2010.[8]

_____/s/_____

Reggie B. Walton
United States District Judge

---

[8] An order is being issued contemporaneously with this Memorandum Opinion granting CropLife E's motion to dismiss and denying the plaintiffs' motion for jurisdictional discovery.